UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security<br><br>    Defendant. | 1:13-cv-1491 BAM<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## **BACKGROUND**

Plaintiff Frank Martinez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his applications for disability insurance benefits pursuant to Title II of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Barbara A. McAuliffe, United States Magistrate Judge.[1] (*See,* Docs. 12 and 13).

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. (*See* Docs. 7 & 8).

1

# FACTS AND PRIOR PROCEEDINGS[2]

### 1. Background

On January 11, 2011, Plaintiff filed an application for disability insurance, alleging disability beginning August 25, 2006. AR 64, 137-140. His application was denied initially and on reconsideration. AR 79-83; 85-90. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 91-92. ALJ Danny Pittman held a hearing on June 14, 2012 (AR 15-49), and issued an order denying benefits on July 27, 2012. AR 64-71. Plaintiff subsequently filed an appeal and the Appeals Council denied review, rendering that the final decision of the Commissioner. AR 1-8. Plaintiff sought judicial review by commencing the instant action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

### 2. Summary of the ALJ's Decision and Issues Presented

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 64-71. More particularly, the ALJ found that Plaintiff had met the insured status requirements on December 31, 2010, and had not engaged in substantial gainful activity since August 25, 2006, through his date last insured of December 31, 2010. AR 66. Further, the ALJ identified diabetes mellitus, post left knee medial compartment oxford knee replacement surgery, obesity, and obstructive sleep apnea as severe impairments. AR 66. However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listing impairments in 20 C.F.R. Part 404 P, Appendix 1. AR 67. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as follows :

> occasional lifting and carrying up to 10 pounds, standing for 30 minutes and walking up to 30 minutes in an 8 hour workday, and sitting up to 8 hours. The claimant requires a cane for ambulation

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

> greater than 500 feet. He is limited to occasional overhead reaching and pushing/pulling with the bilateral upper extremities. The claimant is limited to occasional operation of foot controls with the left foot, and occasional balancing, stooping and climbing ramps and stairs. The claimant is precluded from kneeling, crouching, crawling and climbing ladders, rope and scaffolds. He is limited to occasional exposure to vibrations and extreme heat and cold. The claimant is precluded from performing work at unprotected heights or around moving mechanical parts. AR 68, ¶ 5; citing 20 C.F.R. § 404.1567.

Based on the above, the ALJ found that Plaintiff could not perform his past relevant work as a tile installer. AR 69. However, after considering the testimony of the vocational expert ("VE"), the ALJ found that other jobs existed in the significant numbers in the national economy that Plaintiff could perform including: 1) an addresser, Dictionary of Occupational Titles ("DOT") code 209.587-010; 2) a microfilm document preparer, DOT code 249.587-010; and 3) a food and beverage order clerk, DOT code 209.567.014. AR 70-71. The ALJ therefore concluded that Plaintiff was not disabled. AR 71.

Plaintiff argues that ALJ improperly relied upon the vocational expert's testimony when determining what jobs Plaintiff could perform. More specifically, he contends that the VE's testimony that Plaintiff could perform unskilled sedentary work, including the three jobs listed above was flawed, because the VE improperly considered Plaintiff's standing, walking, and reaching capabilities. (Doc. 12, pg. 6-11). Defendant asserts that the vocational expert's testimony was reliable and the ALJ properly found that Plaintiff could perform jobs which existed in significant numbers in the national economy. (Doc. 13, pgs. 4-8).

## **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether (1) it is supported by substantial evidence, and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

## DISCUSSION

### A. The ALJ Improperly Relied Upon the Vocational Expert's Testimony Because the VE Did Not Explain the Deviation of His Testimony from the DOT.

Plaintiff argues that the VE improperly determined Plaintiff could perform sedentary unskilled work because the ALJ's RFC limits Plaintiff's standing and walking ability to up to thirty minutes in an eight hour day which would preclude sedentary work. Moreover, Plaintiff contends that all three jobs identified by the VE requires frequent reaching which includes extending the hands and arms in any direction, which is in conflict with Plaintiff's RFC limiting him to occasional overhead reaching. Therefore, the VE was required to explain the inconsistency between his testimony and the DOT.

Defendant argues that the VE did not indicate that Plaintiff could perform all sedentary unskilled work, but instead, provided three jobs that properly considered the Plaintiff's standing and walking limitations. Additionally, while the identified jobs require frequent reaching, the DOT does not distinguish between the different types of reaching (i.e. overhead or below the waist). Instead, the DOT includes only a general category of reaching which does not differentiate among reaching in all directions. Defendant contends that since the DOT descriptions do not specifically require frequent overhead reaching, and Plaintiff can reach in all directions except that he is restricted only to occasional reaching overhead, he is able to perform the identified jobs. Therefore, the VE's testimony is supported by substantial evidence.

At step five of the disability analysis, the Commissioner has the burden "to identify

specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995); *see also* 20 C.F.R. § 416.920(g). At this stage, the ALJ first assesses a claimant's "residual functional capacity," defined as the most that a claimant can do despite "physical and mental limitations" caused by his impairments and related symptoms. 20 C.F.R. §§ 416.945(a)(1), 404.1545. The ALJ then considers potential occupations that the claimant may be able to perform. See 20 C.F.R. §§ 416.966, 404.1566. In making this determination, the ALJ relies on the DOT, which is the SSA's "primary source of reliable job information" regarding jobs that exist in the national economy. *Zavalin v. Colvin*, -- F. 3d --, 2015 WL 728036 * 3 (9th Cir., Feb. 20, 2015) citing *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990); *see also* 20 C.F.R.§§ 416.969, 404.1569; 416.966(d)(1), 404.1566(d). The DOT describes the requirements for each listed occupation. DOT, App. C, 1991 WL 688702 (4th ed. 1991). In addition to the DOT, the ALJ relies on the testimony of vocational experts who testify about specific occupations that a claimant can perform in light of his residual functional capacity. 20 C.F.R. §§ 416.966(e), 404.1566(e); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). Finally, to conclude the step five analysis, the ALJ determines "whether, given the claimant's [residual functional capacity], age, education, and work experience, he actually can find some work in the national economy." *Valentine*, 574 F.3d at 689; *see also* 20 C.F.R. § 416.920(g), 404.1520(g).

At issue in this case is whether the VE improperly testified that Plaintiff could perform a full range of sedentary work. If this testimony was improper, the question is whether any error was harmless given that the VE identified three sedentary jobs that Plaintiff could perform. A review of the record reveals there was error which was not harmless.

As a preliminary matter, the Court notes that in response to the ALJ's presentation of a hypothetical encompassing all the limitations outlined in the RFC, including Plaintiff's ability to

stand or walk up to only thirty minutes in and eight hour day, the VE stated that the hypothetical person would be limited to sedentary work. AR 45-46. In fact, the VE stated, "I'd say the world of unskilled sedentary work." AR 46. This finding is improper because the regulations define sedentary work as work involving lifting no more than ten pounds at a time, and involves mostly sitting, but a "certain amount of standing is often necessary in carrying out job duties." Sedentary jobs require "occasional" standing and walking. 20 C.F.R. § 404.1567(a). "Occasional" means occurring very little up to one-third of the time, and generally totals no more than about two hours in an eight hour workday. Social Security Ruling 96-9p, 1996 WL 374185.[3]

In this case, Plaintiff is limited to sitting and standing *up to* thirty minutes in a day which is less than the requirements of sedentary work. Similarly, this error was not corrected by the VE's finding that Plaintiff could perform only certain jobs because all three of the jobs identified by the VE have the same sedentary work definitions. For example, all three jobs "involve sitting most of the time, but may involve walking and standing for brief periods. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met." *See* DOT code 209.587-010 (microfilm document preparer); DOT code 249.587-010 (food and beverage order clerk); and DOT code 209.567.014 (addresser). Since the RFC limits Plaintiff's standing and walking to up to thirty minutes in an eight hour day, there is a conflict between the DOT (occasional walking and standing that is defined as up to one-third of the time and generally totals no more than about two hours in and eight hour day) and the ALJ's hypothetical limiting Plaintiff's ability to stand and walk only up to thirty minutes in an eight hour day.

There is a similar conflict between the VE's testimony and the DOT with regard to reaching. The RFC and the ALJ's hypothetical specifically limited Plaintiff to occasional

---

[3] "[Social Security Rulings] reflect the official interpretation of the [Social Security Administration] and are entitled to 'some deference' as long as they are consistent with the Social Security Act and regulations." *Avenetti v. Barnhart*, 456 F.3d 1122, 1124 (9th Cir. 2006) (quoting *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 n. 2 (9th Cir. 2005)).

overhead reaching (AR 45-46), however, the DOT requires frequent reaching for the three jobs the VE identified. Although the DOT does not specify whether the requisite "reaching" includes reaching above shoulder level or in all directions, relevant legal authorities suggest that it does. *See, e.g., Riad v. Colvin*, 2014 WL 2938512, *5 (C.D.Cal. June 30, 2014) ("[T]he weight of authority in the Ninth Circuit supports the proposition that 'reaching' as used [ ] in the DOT encompasses overhead or above-the-shoulder reaching.") (citing cases); *Lang v. Commissioner of Social Security,* 2014 WL 1383247, *7–*8 (E.D.Cal. Apr.8, 2014) (finding potential conflict between VE's opinions and DOT where VE testified that plaintiff could perform three jobs that require "frequent reaching"—a requirement that "could potentially encompass frequent overhead reaching" which plaintiff could not do); *Mkhitaryan v. Astrue,* 2010 WL 1752162, *3 (C.D.Cal.2010) ( "the plain meaning of 'reaching' [for purposes of the DOT] encompasses above-the-shoulder reaching") (citing Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, Appendix C (1993)); *see also* SSR 85–15 at *7 ("reaching" defined as "extending the hands and arms in any direction") (emphasis added).

The Social Security Administration relies on the DOT as the presumptive authority on job classifications. *Johnson v. Shalala*, 60 F. 3d at 1435; Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 ("In making disability determinations, we rely primarily on the DOT (including its companion publication, the SCO) for information about the requirements of work in the national economy."). Indeed, SSR 00-4p provides the following guidance regarding occupational evidence from a VE in relation to information included in the DOT:

> Occupational evidence provided by a VE or VS [vocational specialist] generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between the VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency. Neither the DOT nor the

>VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

SSR 00-4p further instructs that a VE can often provide an explanation for such conflicts because, for example, the DOT lists maximum requirements of occupations as generally performed but not the range of requirements of a particular job as it is performed in specific settings. Therefore, a VE may be able to provide more specific information about jobs or occupations than the DOT.[4] In sum, "the ALJ must first determine whether a conflict exists. If it does, then an ALJ is required to identify any conflicts between occupational evidence provided by a VE and occupational information included in the DOT. SSR 00-4p. Indeed, the ALJ "has an affirmative responsibility to ask about any possible conflict between [VE evidence] and information provided in the DOT." *Id*. When vocational evidence provided by a VE is not consistent with information in the DOT, the ALJ "must resolve this conflict before relying on the [VE evidence] to support a determination or decision that the individual is or is not disabled." *Id*. The ALJ is required to explain in his decision how any identified conflict was resolved. *Id; see also Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007) (SSR 00-4p "explicitly requir[es] that the ALJ determine whether the expert's testimony deviates from the Dictionary of Occupational Titles and whether there is a reasonable explanation for any deviation.)"

Here, the ALJ asked the VE if there was a conflict between his testimony and the DOT listing, however, the VE incorrectly indicated that there was no inconsistency. AR 47. Since the vocational expert did not acknowledge that there was a potential conflict between his testimony and the DOT, neither the vocational expert nor the ALJ attempted to explain or justify the

---

[4] SSR 00–4p gives examples of several reasonable explanations for deviating from the DOT. Among them are that the DOT does not provide information about all occupations, information about a particular job not listed in the Dictionary may be available elsewhere, and the general descriptions in the Dictionary may not apply to specific situations.

apparent inconsistency. AR 46. Accordingly, the Court cannot conclude that the vocational expert's testimony, which the ALJ adopted, is substantial evidence supporting the ALJ's determination at step five that plaintiff could perform the representative jobs. *Massachi*, 486 F.3d at 1154 (remanding case where ALJ failed to ask vocational expert whether her testimony conflicted with the DOT and, therefore, court was unable to determine whether at step five ALJ properly relied on vocational expert's testimony that claimant could perform other work); *Prochaska v. Barnhart*, 454 F.3d 731, 736 (7th Cir.2006) ("It is not clear to us whether the DOT's [reaching] requirements include reaching above shoulder level, and this is exactly the sort of inconsistency the ALJ should have resolved with the expert's help"). The error is not harmless because there were no other jobs identified at step-five that Plaintiff could perform. *See*, *Molina v. Astrue*, 674 F. 3d 1104, 1115 (9th Cir. 2012) (An error is harmless where it is inconsequential to the ultimate nondisability determination).

**B. Remand For Further Administrative Proceedings**

Given the above, the Court must determine whether this action should be remanded to the Commissioner with instructions to immediately award benefits or whether this action should be remanded to this Commissioner for further administrative proceedings. Remand for further proceedings is appropriate when an evaluation of the record as a whole creates serious doubt as to whether the claimant is in fact disabled. *Garrison v. Colvin,* 759 F. 3d 995 (9th Cir. 2014). Conversely, a court should remand with for an award of benefits when: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id*. at 1020.

In this case, the ALJ did not resolve the inconsistency between the VE's testimony and the

DOT with regard to Plaintiff's ability to stand and walk up to thirty minutes in an eight hour day, and the limitations of occasional overhead reaching as discussed above. The Court finds that remand for further administrative proceedings is necessary to further develop the record and address this issue of the possible conflict between the VE's testimony that Plaintiff could perform unskilled sedentary work, specifically, the jobs of addresser, microfilm document preparer, and food and beverage clerk.

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is not based on proper legal standards. Accordingly, this Court GRANTS Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. This action is REMANDED this action back to the Commissioner for further administrative proceedings consistent with this opinion. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Frank Martinez, against Carolyn W. Colvin, Commissioner of Social Security and close this action.

IT IS SO ORDERED.

Dated:   **March 4, 2015**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE