# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner Of Social Security,<br><br>    Defendant. | No. 1:13-cv-01491-BAM<br><br>ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(Doc. 19) |

## I.  INTRODUCTION

Plaintiff's counsel, the Law Offices of Lawrence D. Rohlfing, filed the instant motion for attorney fees pursuant to 42 U.S.C. § 406(b) on March 22, 2016. Doc. 19. Counsel requests fees in the amount of $12,200.00. Plaintiff did not file any objections to the request. The Commissioner, acting in a role resembling that of a trustee for Plaintiff, filed a response to the motion. Doc. 20. *See generally, Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n. 6 (2002). Plaintiff's counsel did not reply.

For the reasons set forth below, the Motion for Attorney's Fees is GRANTED.

## II.  BACKGROUND

Plaintiff filed the underlying action seeking judicial review of a final decision of the Commissioner denying his applications for disability insurance benefits under the Social

1

Security Act on September 15, 2013. Doc. 1. On March 4, 2015, the Court granted Plaintiff's appeal from the administrative decision of the Commissioner, remanded the case for further proceedings and directed entry of judgment. Doc. 10. Subsequently, pursuant to the parties' stipulation, Plaintiff's counsel was awarded attorney's fees under the Equal Access to Justice Act ("EAJA") in the amount of $3,200.00. Docs. 17, 18.

Plaintiff's counsel now seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). In support of the motion, Plaintiff's counsel submitted evidence indicating that Plaintiff was awarded $65,399.00 in retroactive disability benefits. Doc. 19-3 at 4. Pursuant to a contingent fee agreement, Plaintiff agreed to pay counsel 25% of any award of past-due benefits, which would be $16,349.75 (25% of $65,399). Docs. 19-1, 19-2. By this motion, counsel requests $12,200.00 of the retroactive benefits for 18.7 hours of attorney and paralegal time. Doc. 19 at 3; Doc. 19-1 at ¶ 5; Doc. 19-4.

**III.   DISCUSSION**

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment,* and the Commissioner of Social Security may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits ....

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002)). However, the Commissioner has standing to challenge the award, despite the fact that the Section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other*

2

1  *grounds in Gisbrecht*, 535 U.S. at 807.  The goal of fee awards under Section 406(b) is to
2  provide adequate incentive to represent claimants while ensuring that the usually meager
3  disability benefits received are not greatly depleted. *Cotter v. Bowen,* 879 F.2d 359, 365 (8th Cir.
4  1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

5        The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts
6  are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808–09
7  (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead,
8  Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements).
9  "Within the 25 percent boundary ... the attorney for the successful claimant must show that the
10 fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d *at*
11 *1148* (holding that Section 406(b) "does not specify how courts should determine whether a
12 requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due
13 benefits awarded").

14       Generally, "a district court charged with determining a reasonable fee award under §
15 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' ... 'looking
16 first to the contingent-fee agreement, then testing it for reasonableness.' " *Crawford*, 586 F.3d at
17 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified
18 several factors that may be considered in determining whether a fee award under a contingent-fee
19 agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the
20 representation; (2) the results achieved by the representative; (3) whether the attorney engaged in
21 dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the
22 benefits are large in comparison to the amount of time counsel spent on the case; and (5) the
23 attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent
24 cases. *Id*. (citing *Gisbrecht*, 535 U.S. at 807–08).

25       Here, Plaintiff and counsel have entered into an agreement that provides for attorney's
26 fees in the amount of 25% of the past-due benefits.  Doc. 19-1.  The Court has considered
27 counsel's representation of Plaintiff and the results achieved.  There is no indication that a
28 reduction of the award is warranted due to any substandard performance by counsel in this

matter. Counsel is an experienced attorney who secured a successful result. There also is no evidence that counsel engaged in any dilatory conduct resulting in excessive delay. With regard to the proportionality of benefits to the amount of time spent by counsel, the request for $12,200.00 in fees for 15 hours of attorney time and 3.7 hours of paralegal time is not excessive.[1] *See Viera v. Comm'r of Soc. Sec.*, No. 2:11-cv-2342-KJN, 2013 WL 5934400, at *5 (E.D. Cal. Nov. 5, 2013) (awarding attorney's fees pursuant to Section 406(b) in the amount of $12,250.00 for 18.5 hours of work); *Dearden v. Comm'r of Soc. Sec.,* No. 1:12-cv-120-BAM, 2014 WL 6612036, at *2 (E.D. Cal. Nov. 20, 2014) (granting attorney's fees pursuant to Section 406(b) in the amount of $16,474.00 for 24.7 hours). Although Plaintiff and counsel executed a contingency fee agreement providing for 25 percent of Plaintiff's past-due benefits, counsel is not requesting the full amount. Instead, counsel is seeking less than 19% of the retroactive benefits. *See Knudsen*, 2015 WL 4205319 at *2 (awarding attorney's fees of approximately 20% of past due benefits). Further, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. *See Hearn*, 262 F.Supp.2d at 1037.

An award of Section 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht,* 535 U.S. at 796. Here, Plaintiff's counsel has already been awarded EAJA fees in the amount of $3,200.00. Therefore, any Section 406(b) fees awarded must be off-set by $3,200.00, and refunded to Plaintiff.

---

[1] The Commissioner provides an analysis of the lodestar calculation as an aid in assessing the reasonableness of the fees. Doc. 20 at 3 and n.1. According to the Commissioner, counsel's request for 18.7 hours (15 hours of attorney time plus 3.7 hours of paralegal time) results in an hourly rate of $652.41. Doc. 20 at 3, n. 1. Plaintiff's counsel similarly calculates the rate at $652 per hour. Doc. 19 at 5. This effective hourly rate is not materially different from awards in other Section 406(b) cases. *See, e.g.*, *Rudd v. Colvin*, No. CV 14-1678-KK, 2015 WL 7194142, at *3 (C.D. Cal. Nov. 16, 2015) (approving 406(b) award with effective hourly rate of approximately $656.31 as reasonable); *Knudsen v. Colvin*, No. CV 11-05093-JEM, 2015 WL 4205319, at *2 (C.D. Cal. Jul. 10, 2015) (approving award with effective hourly rate of $973.78); *Villa v. Astrue*, No. CIV-S-06-0846 GGH, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (approving Section 406(b) award with effective hourly rate exceeding $1000; noting that reducing fees after *Crawford* "is a dicey business"); *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003) (collecting post-*Gisbrecht* Section 406(b) cases awarding de facto hourly rates ranging from $187.55 to $694.44).

Additionally, the Commissioner indicates that a claim for attorney's fees may have been submitted for services provided at the administrative level. Therefore, the Court will direct that the agency pay the awarded amount to the extent that there are available funds.

### IV.     CONCLUSION AND ORDER

For the reasons stated above, the fees sought by Plaintiff's counsel pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

1. The Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) in the amount of $12,200.00 is GRANTED. The agency shall pay the amount awarded in this order to the extent that there are funds available;

2. Plaintiff's counsel is ordered to refund $3,200.00 of the Section 406(b) fees awarded to Plaintiff as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d); and

3. The Clerk of the Court is directed to serve this order on Plaintiff Frank Martinez at 4863 E. Floradora Ave., Fresno, California 93727.

IT IS SO ORDERED.

Dated:   **April 20, 2016**                    /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE

5